UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 3:06-CR-100 |
| | ) |
| | ) JUDGES PHILLIPS/GUYTON |
| FRANK LOGAN ASBURY | ) |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on December 19, 2006, a Superseding Indictment was filed in the above-referenced case, charging Defendant Frank Logan Asbury and others with, in Count One, knowingly, intentionally, and without authority, combining, conspiring, confederating, and agreeing with others to commit a violation of Title 21, United States Code, Section 841(a)(1), that is, to distribute, and possess with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); and, in Count Two, willfully, knowingly, intentionally, and without authority combining, conspiring, confederating, and agreeing to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent

to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h).

WHEREAS, in the Forfeiture Allegations of the Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 United States Code, Section 853, in any and all property used, or intended to be used, to commit, and to facilitate the commission of, said conspiracy, and any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the conspiracy charged in the Indictment; and, pursuant to Title 18, United States Code, Section 982(a)(1), in any and all property involved in and any and all property traceable thereto.

AND WHEREAS, on July 12, 2007, the Defendant, FRANK LOGAN ASBURY, pled guilty to the Indictment charging him with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, and Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h), and agreed to forfeit his interest to the United States in the following property:

(a) $55,540.00 in United States currency seized from Frank Logan Asbury on July 16, 2006, at 740 English Mountain Road, Newport, Tennessee;

(b) $108,140.00 in United States currency seized from Frank Logan Asbury on July 16, 2006, at 555 Wilton Springs Road, Hartford, Tennessee;

(c) U. S. Bank Account Number 151200332642 in the amount of $16,079.51 seized on July 20, 2006, from Frank Logan Asbury; and

(d) Newport Federal Bank Account Number 00260184158 in the amount of $1,043.09 on July 20, 2006, from Frank Logan Asbury.

AND WHEREAS, on July 12, 2007, this Court accepted the guilty plea of the defendant, FRANK LOGAN ASBURY, and, by virtue of said guilty plea and conviction, the Court has determined that the property identified below is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), and Title 18, United States Code, Section 982, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further, the United States is now entitled to seize said property, pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 18, United States Code, Section 982(b), and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That, based upon the conviction of defendant FRANK LOGAN ASBURY under Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h), the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(h), and Title 18, United States Code, Section 982:

   (a) $55,540.00 in United States currency seized from Frank Logan Asbury on July 16, 2006, at 740 English Mountain Road, Newport, Tennessee;

   (b) $108,140.00 in United States currency seized from Frank Logan Asbury on July 16, 2006, at 555 Wilton Springs Road, Hartford, Tennessee;

   (c) U. S. Bank Account Number 151200332642 in the amount of $16,079.51 seized on July 20, 2006, from Frank Logan Asbury; and

(d) Newport Federal Bank Account Number 00260184158 in the amount of $1,043.09 on July 20, 2006, from Frank Logan Asbury.

2. That the aforementioned forfeited property is to be held by the Internal Revenue Service in their secure custody and control.

3. That, pursuant to Title 21, United States Code, Section 853(n)(1), as incorporated by Title 18, United States Code, Section 982(b), the Internal Revenue Service forthwith shall publish at least once for three consecutive weeks, in a newspaper of general circulation, notice of this Order, notice of the Internal Revenue Service's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the forfeited property the time and circumstances of the petitioner's acquisition of the right, title, and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person as a substitute for published notice as to those persons so notified.

5. That, upon adjudication of all other or third-party interests in said property, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States

Code, Section 853(n), as incorporated by Title 18, United States Code, Section 982(b), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the Internal Revenue Service and to the United States Attorney's Office.

ENTER:

*signature*
THOMAS W. PHILILPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: *signature*
HUGH B. WARD, JR.
Assistant U.S. Attorney

*signature*
DAVID C. JENNINGS
Assistant U.S. Attorney

*signature*
FRANK LOGAN ASBURY
Defendant

*signature*
DOUGLAS A. TRANT
Attorney for Frank Logan Asbury