UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Nos.: 3:06-CR-100 |
| | ) | |
| | ) | JUDGES PHILLIPS/GUYTON |
| FRANK LOGAN ASBURY | ) | |

## FINAL ORDER OF FORFEITURE

1. On December 19, 2006, a Superseding Indictment was filed in the above-referenced case, charging Defendant, FRANK LOGAN ASBURY, and others, with in Count One, knowingly, intentionally, and without authority, combining, conspiring, confederating, and agreeing with others to commit a violation of Title 21, United States Code, Section 841(a)(1), that is, to distribute, and possess with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); and, in Count Two, with willfully, knowingly, intentionally, and without authority combining, conspiring, confederating, and agreeing to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession

of with intent to distribute marijuana, a Schedule I controlled substance in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and (h).

2. In the Forfeiture Allegations of the Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 United States Code, Section 853, in any and all property used, or intended to be used, to commit, and to facilitate the commission of said conspiracy, and any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the conspiracy charged in the Indictment; and pursuant to Title 18, United States Code, Section 982(a)(1), in any and all property involved in and any and all property traceable thereto.

3. On July 12, 2007, the Defendant, FRANK LOGAN ASBURY, pled guilty to the Indictment, charging him with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, and Title 18, United States Code, Sections 1956(a)(1)(A)(i),(a)(1)(B)(i) and (h), and agreed to forfeit his interest to the United States in the following properties:

- (a) $55,540.00 in United States Currency seized from Frank Logan Asbury on July 16, 2006 at 740 English Mountain Road, Newport, Tennessee;

- (b) $108,140.00 in United States Currency seized from Frank Logan Asbury on July 16, 2006 at 555 Wilton Springs Road, Hartford, Tennessee;

- (c) U. S. Bank Account Number 151200332642 in the amount of $16,079.51 seized on July 20, 2006 from Frank Logan Asbury; and

- (d) Newport Federal Bank Account Number 00260184158 in the amount of $1,043.09 on July 20, 2006 from Frank Logan Asbury.

*United States v. Frank Logan Asbury*; Case No. 3:06-CR-100
Final Order of Forfeiture                 2

4. On July 12, 2007, this Court entered an Agreed Preliminary Order of Forfeiture pursuant to the guilty plea entered by the Defendant, FRANK LOGAN ASBURY, forfeiting to the United States his interest in and to the properties identified hereinabove.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), as incorporated by Title 18, United States Code, Section 982(b), and the Agreed Preliminary Order of Forfeiture, Notice of Forfeiture as to the properties described above, was published in the *Newport Plain Talk*, a newspaper of general circulation in Newport, Tennessee on three occasions: September14, 2007; September 21, 2007; and on September 28, 2007. Proof of publication was filed on March 6, 2008.

6. The Notice of Forfeiture advised that any person, other than the Defendant, having or claiming a legal interest in the forfeited properties described herein, must file a petition with the Court within thirty (30) days of the final publication of the notice. The notice further provided that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. No person, corporation, or entity has filed a claim as to the properties listed above.

It is therefore ORDERED, ADJUDGED AND DECREED:

1. That the following properties be and the same are hereby forfeited to the United States, pursuant to Title 21, United States Code, Section 853(h) and Title 18, United States Code, Section 982, and all right, title and interest in said properties be and the same are hereby vested in the United States:

(a) $55,540.00 in United States Currency seized from Frank Logan Asbury on July 16, 2006 at 740 English Mountain Road, Newport, Tennessee;

(b) $108,140.00 in United States Currency seized from Frank Logan Asbury on July 16, 2006 at 555 Wilton Springs Road, Hartford, Tennessee;

(c) U. S. Bank Account Number 151200332642 in the amount of $16,079.51 seized on July 20, 2006 from Frank Logan Asbury; and

(d) Newport Federal Bank Account Number 00260184158 in the amount of $1,043.09 on July 20, 2006 from Frank Logan Asbury.

2. That the United States Department of Treasury shall dispose of said forfeited properties according to law.

3. That the Clerk of this Court provide the Internal Revenue Service and the United States Attorney's Office with a certified copy of this Final Order of Forfeiture.

ENTER:

THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney


s/ Hugh B. Ward, Jr.
HUGH B. WARD, JR.
Assistant United States Attorney